UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ANTHONY E. ELLO and | ) | |
|---|---|---|
| EVELYN ELLO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-299-TLS |
| | ) | |
| GARY R. BRINTON and SEVEN | ) | |
| PEAKS MARKETING CHICAGO, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Partial Motion to Dismiss the Amended Complaint [ECF No. 26], filed on June 10, 2015, along with the Plaintiffs' Motion for Default Judgment [ECF No. 30], filed on June 24, 2015. For the reasons stated in this Opinion and Order, the Court will deny the Defendants' Partial Motion to Dismiss and the Plaintiffs' Motion for Default Judgment.

**BACKGROUND**

The Plaintiffs, Anthony and Evelyn Ello, filed this action against the Defendants on August 25, 2014 [ECF No. 1]. Seven Peaks is a limited liability company with its principal place of business in Utah, and Brinton is a Utah resident and member of Seven Peaks. According to the Plaintiffs, in July 2013, Brinton—on behalf of Seven Peaks—initiated lease negotiations with the Plaintiffs. That same month, Seven Peaks and the Plaintiffs entered into a 13-year written lease agreement, in which Seven Peaks leased commercial property owned by the Plaintiffs and located in Chesterton, Indiana. The Plaintiffs allege, in part, that upon taking possession of the

property, Seven Peaks failed to secure a $75,000 security deposit bond. They further allege that in June 2014, Seven Peaks vacated the property without notice or explanation to the Plaintiffs, ceased paying rent, and removed fixtures from the property.

In their initial Complaint [ECF No. 1], the Plaintiffs asserted claims for breach of contract (Count I) against Seven Peaks, and fraud (Count III) against both Defendants. The Plaintiffs also sought personal liability against Brinton based on the alter ego doctrine (Count II). On October 6, 2014, the Defendants filed a Partial Motion to Dismiss [ECF No. 7], arguing that Counts II and III should be dismissed for failure to state a claim. On May 13, 2015, the Court issued an Opinion and Order [ECF No. 19] granting in part and denying in part the Defendants' Partial Motion to Dismiss. Specifically, the Court dismissed Count III because the Plaintiffs failed to show a false representation of a past or existing fact, and failed to satisfy Federal Rule of Civil Procedure 9(b), which requires that all averments of fraud be stated with "particularity." Fed. R. Civ. P. 9(b). Because the dismissal of Count III was without prejudice, the Plaintiffs were granted leave to re-file an amended complaint within 14 days of the date of the Opinion and Order.

On May 27, 2015, the Plaintiffs filed an Amended Complaint [ECF No. 24]. On June 10, 2015, the Defendants filed a Partial Motion to Dismiss Amended Complaint [ECF No. 26], along with a Memorandum in Support [ECF No. 27]. The Plaintiffs filed a Response on June 24, 2015 [ECF No. 28], and the Defendants filed a Reply on July 9, 2015 [ECF No. 39]. Also, on June 24, 2015, the Plaintiffs filed a Motion for Default Judgment [ECF No. 30], to which the Defendants filed a Response on July 8, 2015 [ECF No. 38]. Both Motions are now fully briefed and ripe for ruling.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, when pleading fraud, the federal rules set a higher bar. Federal Rule of Civil Procedure 9(b) states that in fraud cases, "a party must state with particularity the circumstances constituting fraud." The Seventh Circuit has stated that Rule 9(b) "effectively carves out an exception to the otherwise generally liberal pleading requirements under the Federal Rules." *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chi.*, 927 F.2d 988, 992 (7th Cir. 1991). To satisfy the requirement of Rule 9(b), a plaintiff pleading fraud must state "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal quotation marks omitted) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)). Stated differently, a plaintiff pleading fraud must state "the who, what,

3

when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled.").

Lastly, in ruling on Rule 12(b)(6) motions to dismiss, courts generally must confine their inquiry to the factual allegations set forth within the operative complaint. *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002). Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Further, in the Seventh Circuit, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings," and may be considered on a motion to dismiss, "if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, a copy of the written lease agreement between the parties is attached to the Amended Complaint and the Defendants' Partial Motion to Dismiss the Amended Complaint. Because the lease agreement is an exhibit to the Amended Complaint and is also central to the Plaintiffs' claim of fraud, the Court will consider the lease agreement as part of the pleadings.

## DISCUSSION

**A.     Fraud (Count III)**

As the Court noted in its Opinion and Order [ECF No. 19], although the parties' lease agreement provides that it "shall be governed by the laws of the State of Utah[,]" (Lease

Agreement ¶ 22.7, ECF No. 24-1), the Plaintiffs' fraud claim is governed by Indiana substantive law because (1) the lease agreement offers no clear indication that the parties intended Utah law to govern tort claims; and (2) when applying Indiana's choice of law analysis, neither party has identified a conflict between the laws of Indiana and Utah.

To establish fraud in Indiana, a plaintiff must show that a defendant made a false material representation of past or existing fact, with knowledge or reckless ignorance of its falsity, which caused reliance to the detriment of the person relying on the representation. *Maynard v. Lumber Co.*, 657 N.E.2d 406, 409 (Ind. Ct. App. 1995). "[A]ctual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions, or statements of existing intent which are not executed." *Comfax Corp. v. N. Am. Van Lines, Inc.*, 587 N.E.2d 118, 125 (Ind. Ct. App. 1992); *see also Ruse v. Bleeke*, 914 N.E.2d 1, 10 (Ind. Ct. App. 2009).

In their Amended Complaint, the Plaintiffs contend, in part, that the Defendants made the following false representations during the lease negotiations: that Seven Peaks (1) "had enough capital to secure the $75,000 bond which would be used as a security deposit"; (2) "had enough capital to pay for the comprehensive liability insurance for the Property for the duration of the lease; (3) "had enough capital to cover the utilities as contemplated by the Lease Agreement"; and (4) "was authorized to conduct business in the state of Indiana when the company was not registered or licensed in Indiana." (Am. Compl. ¶ 50.) The Plaintiffs further allege that such false representations were made orally by Brinton, that the Plaintiffs relied upon these representations, and that the Plaintiffs were induced to enter the lease agreement based on these representations.

The Defendants argue, as they did in their original Partial Motion to Dismiss, that the Plaintiffs' fraud claim must be dismissed because it represents "nothing more than reworded breach of contract claims or merely tweaked promises and statements about the future." (Def's Br. 12); *see Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 478 F. Supp. 2d 1076, 1089 (S.D. Ind. 2007) (stating that a plaintiff alleging fraud must show that a defendant made a false material representation of past or existing fact, which "means those facts which at the time they are uttered are susceptible to exact knowledge. [T]his definition . . . excludes statements of opinion, intent, or promises of future conduct") (citations and internal quotation marks omitted). The Defendants further argue that the Plaintiffs have failed to satisfy the heightened pleadings standards of Rule 9(b).

First, while the Court agrees that the Plaintiffs' fraud and breach of contract allegations are factually similar, the Court finds that, through their Amended Complaint, the Plaintiffs have now brought forward alleged misrepresentations concerning past or existing facts—namely, Seven Peaks' financial condition and business credentials at the time of the contract negotiations. *See IOM Grain, LLC v. Ill. Crop Improvement Ass'n, Inc.*, Cause No. 1:10-CV-337-TLS, 2015 WL 195988, at *7 (N.D. Ind. Jan. 14, 2015) (finding actionable fraud when plaintiff alleged that the defendant's representative "offered unqualified guarantees that [the defendant] was able to perform the contract," including an assurance that the defendant could obtain financing); *Reginald Martin*, 478 F. Supp. 2d at 1089–90 (finding actionable fraud when the plaintiff alleged that the defendant insurance company made statements that it was "financially stable" and "profitable" when in fact "it was hemorrhaging millions of dollars"). As the Defendants suggest in their briefs, further discovery may eventually show that the Defendants' alleged

misrepresentations were merely false promises as to future acts, which cannot serve as the basis of a common law fraud claim. Nevertheless, the Plaintiffs are not required to prove a misrepresentation of past or existing fact at the pleading stage. *See DNET Servs., LLC v. Digital Intelligence Sys. Corp.*, No. 1:08-CV-252-DFH-JMS, 2009 WL 1259375, at * 5 (S.D. Ind. May 5, 2009).[1]

The Court also finds that the Amended Complaint satisfies both the substance and purpose of Rule 9(b). Again, the Plaintiffs are not required to plead "any magic words to bring its fraud claim, but must plead at least 'the first paragraph of any newspaper story.'" *Id.* at *4 (quoting *DiLeo*, 901 F.2d at 627 (7th Cir.1990); *see also Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 870 (7th Cir. 2013) ("The degree of particularity required will necessarily vary depending on the circumstances under which the plaintiff filed its complaint.") (citing *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). Here, the Plaintiffs allege that in June-July 2013, Brinton made specific, oral misrepresentations of past or existing fact regarding Seven Peaks' financial condition and business credentials to induce the Plaintiffs into entering a long-term commercial lease. Given the procedural stage of this case, the Plaintiffs' Amended Complaint puts the Defendants on sufficient notice as to the circumstances constituting fraud, and in turn, allows the Court to ensure that such allegations are "not lightly leveled." *Pirelli*, 631 F.3d at 441.[2]

---

[1] The Court notes that in their Amended Complaint, the Plaintiffs attempt to support their fraud claim with an allegation that appears to be a promise of future conduct. (*See* Compl. ¶ 50(b) (alleging that Brinton represented to the Plaintiffs that "Seven Peaks would secure the necessary security bond when it fact no bond had been obtained and Brinton knew that no bond would be obtained.").) Standing alone, this allegation cannot serve as a basis for fraud.

[2] The Defendants devote a substantial portion of their briefing to highlighting an apparent contradiction in the Plaintiffs' Amended Complaint. As the Defendants note, although the Plaintiffs state

Accordingly, the Defendants' Second Partial Motion to Dismiss is denied.

**B.     Default Judgment**

Finally, the Plaintiffs ask the Court to enter a default judgment against the Defendants for Counts I and II because they did not file an answer to the Plaintiffs' Amended Complaint, which was filed on May 27, 2015.

As the Defendants correctly note, even though a defendant must generally "serve an answer . . . within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1), the time for filing a responsive pleading is tolled during the pendency of a Rule 12 motion. *See Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-cv-487, 2008 WL 820295, at *2 (N.D. Ind. Mar. 25, 2008) (citing Fed. R. Civ. P. 12(a)(4)(A)). Here, because the Defendant filed a Partial Motion to Dismiss on June 10, 2015 (a date prior to the deadline for filing a responsive pleading to the Amended Complaint), the time for filing an answer to Counts I and II is tolled. S*ee Richter v. Corporate Fin. Assocs., LLC*, No. 1:06-cv-1623-JDT-TAB, 2007 WL 1164649, at *2 (S.D. Ind. Apr. 19, 2007) (finding that the filing of the defendants' motion to dismiss the third claim tolls the time to answer the first and second claims)*; Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 487 (E.D. Wis. 1991) (finding that the defendant was not in

---

that Brinton "initiated contact with the [Plaintiffs] about leasing the Property on behalf of [Seven Peaks]" in July 2013, the Plaintiffs' fraud claim states that Brinton made oral misrepresentations in June 2013. (Am. Compl. ¶¶ 10, 50.) However, the Court is not convinced that this discrepancy is substantial enough to require dismissal, *see Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011), nor is the Court convinced that the time frame of the alleged fraud precludes sufficient notice under Rule 9(b). *Cf. Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 949 (7th Cir. 2013) (affirming dismissal of fraud claim because, in part, the plaintiff failed "to specify times and dates any more clearly than 'from July 2007 through the January 28, 2008 closing on the Second Loan' or 'prior to closing the Second Loan and/or at or around the time of closing the Second Loan' or '[f]rom August 2007 through December 2007.'") (citation omitted).

default for failure to answer otherwise unchallenged claims, where the defendant had filed Rule 12(b) challenges to other claims). Thus, the Plaintiffs' Motion for Default Judgment is denied.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendants' Partial Motion to Dismiss the Amended Complaint [ECF No. 26]. The Court also DENIES the Plaintiffs' Motion for Default Judgment [ECF No. 30].

SO ORDERED on November 10, 2015.

                                s/ Theresa L. Springmann
                                THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT
                                FORT WAYNE DIVISION