UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY E. ELLO and ) | |
| EVELYN ELLO, ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GARY R. BRINTON and ) | |
| SEVEN PEAKS MARKETING ) | |
| CHICAGO, LLC, ) | |
|    Defendants, ) | |
| _____ ) | CAUSE NO. 2:14-CV-299-TLS-JEM |
| ) | |
| SEVEN PEAKS MARKETING ) | |
| CHICAGO, LLC, ) | |
|    Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY E. ELLO and ) | |
| EVELYN ELLO, ) | |
|    Counter-Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the following:

(1) Plaintiffs' Motion to Quash Subpoena [DE 87], filed by Plaintiffs on February 8, 2017, to which Defendants responded and Plaintiff replied.

(2) Gary Brinton's Renewed Motion to Quash and for Protective Order Re: Horizon Bank Subpoena [DE 90] and Monica Brinton's Motion to Quash and for Protective Order Re: Horizon Bank Subpoena [DE 92], both filed on February 22, 2017, to which Plaintiffs responded and Monica Brinton replied.

(3) Plaintiffs' Motion to Quash Horizon Bank Subpoena and for Protective Order [DE 106], filed by Plaintiffs on March 27, 2017, to which Defendants responded and Plaintiffs replied.

(4) Plaintiffs' Motion to Quash Subpoenas and for Protective Order [DE 111], filed by Plaintiffs on April 17, 2017, to which Defendants have not yet responded.

(5) Plaintiffs' Motion to Withdraw Their Motion to Quash Subpoenas and for Protective Order [DE 115], filed by Plaintiffs on April 26, 2017, to which Defendants have not yet responded.

## I.     Background

This case concerns a bowling alley lease agreement between Plaintiffs and Defendant Seven Peaks Marketing Chicago, LLC ("SPMC"). Plaintiffs allege that Defendant SPMC improperly terminated the lease in June 2014 and seek to hold both Defendant SPMC and Defendant Brinton, through an alter ego claim, liable for the breach. As demonstrated by the several motions listed above, discovery between the parties has been contentious. The Court addresses each contested subpoena, below.

## II.    Defendants' Subpoena to Dorothy L. Kittredge, CPA

On January 10, 2017, Defendants served a subpoena on Dorothy L. Kittredge, Plaintiffs' accountant. The subpoena requested documents related to Plaintiffs and their company, Ello & Ello, LLC, among others. Plaintiffs move to quash that subpoena. Defendants contend that Plaintiffs have waived any objection to the subpoenas because Plaintiffs filed their Motion to Quash more than 14 days after the Kittredge subpoena was served. Plaintiff concedes that the Motion to Quash was filed after the 14-day period for objections expired, but argues that the Court should nonetheless consider the merits of its request to quash.

Rule 45(d)(2)(B), which governs objections made by anyone "commanded to produce documents or tangible things or to permit inspection," provides that objections must be served on the subpoenaing party within 14 days. However, Plaintiffs' objections do not fall under this Rule, as they were not commanded to produce anything by the Kittredge subpoena – their accountant was. Rule 45(d)(3), which governs motions to quash, provides that the motion must be "timely" filed.

Some courts have interpreted Rule 45(d)(3)'s timeliness requirement to require objections within 14 days, although the Rule does not explicitly include that time frame. *See, e.g., Edin v. Garner Family Enters., Inc.*, No. 1:11-CV-1300, 2012 WL 364088, at *1 (S.D. Ind. Feb. 1, 2012).

Plaintiffs filed their Motion to Quash almost a month after Defendants served the Kittredge subpoena and 8 days after the subpoena's response date of January 31, 2017. Plaintiffs provide no reason for their delay in filing the Motion to Quash. Even setting aside the precedent requiring that motions to quash be filed within 14 days, Plaintiffs' Motion to Quash cannot be considered "timely" under Rule 45(d)(3)(A) by any available standard. Nothing in Rule 45(d)(3) suggests that the Court should consider whether to quash a subpoena that has already been complied with. The Rule requires a court to quash a subpoena that fails to allow a reasonable time to comply, requires compliance beyond certain geographic limits, requires disclosure of privileged material, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). These listed categories require consideration of prospective, rather than retrospective, concerns.

Even looking past the untimely nature of Plaintiffs' Motion to Quash, Plaintiffs' arguments in the Motion are almost entirely undeveloped. Plaintiffs' Motion to Quash was a total of three pages and does not cite a single case or specific Rule suggesting that the Court should quash the Kittredge subpoena. *See Perez v. Illinois*, 488 F.3d 773, 776-77 (7th Cir. 2007) ("[P]erfunctory and underdeveloped arguments are deemed waived."). Plaintiffs' inadequate development of their arguments in the Motion, in addition to their failure to raise those arguments in a timely manner, prevents a decision on the Motion's merits.

**III. Defendants' Horizon Bank Subpoena**

On January 10, 2017, Defendants also issued a subpoena to Horizon Bank, seeking, among

3

other information, documents relating to Plaintiffs and Ello & Ello, LLC. Without objection from Plaintiffs, Horizon Bank complied with the subpoena and produced several documents. On March 22, 2017, counsel for Horizon Bank informed the parties' counsel that Horizon Bank had Plaintiffs' personal tax returns and personal financial data, which are responsive to the subpoena's request but were not turned over due to an oversight. Based on the parties' briefing, it appears that Horizon Bank has still not yet turned over the tax returns or financial data because of Plaintiffs' current objection. Plaintiffs ask that the Court quash the subpoena and issue a protective order preventing Horizon Bank from producing the personal tax returns and financial data.

### A. Quash

For reasons similar to those discussed above, the Court declines to consider the merits of Plaintiffs' Motion to Quash the Horizon Bank subpoena. The subpoena was issued on January 10, 2017, with responses due January 31, 2017, yet Plaintiffs waited to file their motion to quash until March 27, 2017. Accordingly, their request that the Court quash Defendants' Horizon Bank Subpoena is untimely. *See* Fed. R. Civ. P. 45(d)(3)(A). That Horizon Bank notified the parties of additional documents covered by the subpoena on March 22, 2017, does not change this analysis. The original subpoena clearly requested all documents relating to Plaintiffs, yet they did not object to it until months later.

### B. Protective Order

Plaintiffs' request for a protective order is not similarly governed by Rule 45, so the Court considers that request on the merits. Plaintiffs say that their personal tax returns and financial data are irrelevant to this case, while Defendants argue that the Ellos' tax returns and financial data are relevant to potentially show that Plaintiffs did not suffer injury from the alleged breach of the lease.

Specifically, Defendants contend that Plaintiffs' limited liability company, Ello & Ello, LLC, which is not a party to this case or to the underlying lease agreement, absorbed most of Plaintiffs' loss.

Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013)

Plaintiffs have not shown good cause for the requested protective order. In their Motion, Plaintiffs vaguely argue that they have a "legitimate privacy interest" in preventing disclosure of the at-issue documents. Pl. Mot. at 3 [DE 106]. Without citing any supporting cases or law on this point, the Motion goes on to argue that the "personal tax returns and financial data were produced to Horizon Bank for Horizon Bank's sole use and done so in confidence that they would not be disclosed to another party" and that the subpoena is an "invasion into Plaintiffs' personal privacy interests, wholly unrelated to the litigation." Pl. Mot. at 4 [DE 106]. As is the case with Plaintiffs' other Motion, discussed above, these arguments are underdeveloped and do not provide the Court with enough information to determine whether the documents at issue deserve legal protection. *See Perez*, 488 F.3d at 776-77.

In their reply, Plaintiffs do cite Indiana Code sections 25-2.1-14-1 and 25-2.1-14-2 to say that the tax returns and financial documents are privileged. Even assuming Indiana law applies – which

5

it might not considering that the parties agreed Utah law governs most of this case – those sections cover certified public accountants, public accountants, or accounting practitioners. Plaintiffs' entire privilege argument, one paragraph in length, does not explain why the at-issue documents qualify under the accounting privilege, and, in any case, "arguments raised for the first time in a reply brief are waived." *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) (citations omitted).

The tax returns and financial information possessed by Horizon Bank appear relevant to this litigation. Defendants cite testimonial evidence demonstrating some possibility that the documents will assist them in determining the amount of Plaintiffs' losses. *See* Fed. R. Civ. P. 26(d)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Plaintiffs have not demonstrated that the information is otherwise privileged, *Id.*; *Nieves*, 948 F. Supp. 2d at 891, and it does not appear that a protective order is necessary to avoid any kind of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, a protective order is inappropriate.

## IV.     Plaintiffs' Horizon Bank Subpoena

On June 30, 2016, Plaintiffs also issued a subpoena to Horizon Bank requesting several categories of documents concerning, among others, Defendant Gary Brinton and his wife, Monica Brinton – who is not a party to this lawsuit. The Brintons request that the Court quash that subpoena and request a protective order to prevent Horizon Bank from turning over only a few documents covered by the subpoena, namely the Brintons' 2013 personal balance sheet and their 2010 tax return summary.

### A.     <u>Quash</u>

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash a subpoena seeking

"disclosure of privileged or other protected matter, if no exception or waiver applies." The Brintons argue that both the Utah and United States constitutions protect their at-issue bank records.

According to the Brintons, article I, section 14 of the Utah Constitution privileges or protects Utah citizens' bank records. Assuming Utah law properly governs the privilege determination at this stage,[1] Utah law does not provide absolute privilege or protection for bank records, as the Brintons argue. Instead, the Supreme Court of Utah has written:

> Article I, section 14 of the Utah Constitution does provide citizens in our state with a measure of privacy. But its protections are not absolute, and it does not accord bank records special status over other personal information. Rather, section 14 recognizes the 'right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures.' Like the Fourth Amendment of the U.S. Constitution, we have recognized that this provision prohibits state actors from unreasonably intruding into areas where citizens have a legitimate expectation of privacy. A state intrusion is not unreasonable, however, when the state acts under a valid warrant or subpoena.

*Schroeder v. Utah Atty. General's Office*, 358 P.3d 1075, 1081 (Utah 2015). Because there is no "freestanding privacy right in an individual's bank records" under Utah law, the Brintons' arguments that their bank records somehow require special protection under Utah law are unfounded. *Id.* Indeed, Defendants did not cite, and the Court could not find, a single civil case preventing disclosure of bank records based on Utah's constitution, which closely tracks the Fourth Amendment of the United States Constitution.

The Brintons also argue that the Fourth Amendment of the United States Constitution

---

[1] The Brintons assume that Utah law guides the privilege inquiry. It seems strange, though, to apply out-of-state privilege law in weighing whether to quash an in-state subpoena, determining whether bank records in Indiana are subject to a Utah privilege. In their many briefs, the parties did not discuss which state's privilege law governs their requests. This is a moot point, though, because the Brintons' privilege arguments are unfounded even under Utah law.

protects their bank records. To support this position, the Brintons cite the Supreme Court's decision in *U.S. v. Miller*, 425 U.S. 435 (1976). Strangely, the Brintons quote extensively from Justice William Brennan, Jr.'s *dissent* in that case. *Compare* Def. Brinton Mot. at 10 [DE 90] *and* Monica Brinton Mot. at 8 [DE 92] *with Miller*, 425 U.S. at 451 (Breyer, J., dissenting). Furthermore, the entire quotation used in the Brintons' briefs (which are nearly identical though they were submitted by separate counsel) is taken from a California Supreme Court case quoted by Justice Brennan. *See Miller*, 425 U.S. at 451 (quoting *Burrows v. Superior Court*, 529 P.2d 590 (1974)). Justice Brennan explicitly acknowledged that "the California Supreme Court . . . reached a conclusion . . . *contrary to that reached by the Court today under the Fourth Amendment*." *Miller*, 425 U.S. at 447 (emphasis added).

> Contrary to the Brintons' current position, the *Miller* majority pointed out that:
>> The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. The Court has held repeatedly that the Fourth Amendment does not prohibit obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.

*Id.* at 443. Consequently, *Miller* also does not support the Brintons' argument that their banking information is privileged.

Accordingly, the Brintons fail to show that their bank records are "privileged or other protected matter" under Rule 45(d)(3)(A)(iii), so the Court need not quash the subpoena requesting those records.

B.   Protective Order

Federal Rule of Civil Procedure 26(c) provides that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." As an initial matter, Monica Brinton is neither a "party" nor a "person from whom discovery is sought" under Rule 26. The Horizon Bank subpoena seeks documents not from Ms. Brinton, but from Horizon Bank. Accordingly, the Court considers only Defendant Gary Brinton's request for a protective order. The relevant standard for protective orders is detailed above.

Defendant Brinton argues that the Horizon Bank subpoena is overbroad. However, Defendant Brinton requests only "that the Court enter a protective order blocking production of HZ-15, 23, and 24," which are Gary and Monica Brinton's 2013 Personal Balance Sheet (HZ-15) and Gary and Monica Brinton's 2010 Tax Return Summary (HZ-23, 24). Def. Brinton Mot. at 5-6, 11. Concerning these three documents, Plaintiffs' request is not overbroad. Plaintiffs have pleaded a claim for alter ego liability against Defendant Brinton. As Judge DeGuilio wrote in his Order on the Motion to Dismiss, Utah courts consider alter ego liability by assessing whether, among other things, an LLC member has siphoned funds from the LLC and whether the LLC serves as a facade for operations of the member. Order on Mot. to Dismiss at 7-8 [DE 19].

Accordingly, Defendant Brinton's personal balance sheet and tax return summary remain relevant to this case to determine if money flowing out of his LLC ended up in his personal bank account and whether he was using the LLC as a facade for his own operations, rather than appropriately observing the LLC's independent form. *See Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 635 (Utah 2012); *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979). This inquiry relates only to Defendant Brinton's relationship with Seven Peaks Marketing

9

Chicago, LLC, and requires no connection to Plaintiffs or the lease at issue in this case, as Defendant Brinton argues.

Accordingly, Defendant Brinton has not shown that the personal balance sheet or tax return summary are privileged, as discussed above, and those documents appear relevant to Plaintiffs' alter ego claim, *see* Fed. R. Civ. P. 26(b)(1). Defendant Brinton also has not shown that a protective order is necessary to avoid any kind of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, Defendant Brinton has not provided good cause for a protective order covering HZ-15, 23, and 24. *See* Fed. R. Civ. P. 26(c).

## V.  Plaintiffs' Motion to Quash Subpoenas and for Protective Order [DE 111]

On April 17, 2017, Plaintiffs filed their Motion to Quash Subpoenas and for Protective Order [DE 111], requesting that the Court quash subpoenas issued to Ello & Ello, LLC, Allegius Credit Union, and Judy Johnson. Plaintiffs also requested a protective order. On April 26, 2017, before Defendants responded to the Motion, Plaintiffs filed a Motion to Withdraw Their Motion to Quash Subpoenas and for Protective Order [DE 115], requesting that the Court grant them leave to withdraw their April 17 Motion to Quash and for Protective Order.

In the interest of justice, the Court allows Plaintiffs to withdraw the Motion.

## VI.  Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiffs' Motion to Quash Subpoena [DE 87], **DENIES** Gary Brinton's Renewed Motion to Quash and for Protective Order Re: Horizon Bank Subpoena [DE 90], **DENIES** Monica Brinton's Motion to Quash and for Protective Order Re: Horizon Bank Subpoena [DE 92], and **DENIES** Plaintiffs' Motion to Quash Horizon Bank Subpoena and for Protective Order [DE 106].

The Court hereby **GRANTS** Plaintiffs' Motion to Withdraw Their Motion to Quash Subpoenas and for Protective Order [DE 115] and **DIRECTS** the Clerk of Court to show that Plaintiffs' Motion to Quash Subpoenas and for Protective Order [DE 111] is **WITHDRAWN.**

The Court **ORDERS** Dorothy Kittredge to comply with Defendants' January 10, 2017, subpoena and produce all documents responsive to the subpoena by no later than **May 12, 2017**, if she has not already done so.

Similarly, the Court **ORDERS** Horizon Bank to produce all documents responsive to Plaintiffs' June 30, 2016, subpoena by no later than **May 12, 2017**, if it has not already done so. The Court also **ORDERS** Horizon Bank to produce all documents responsive to Defendants' January 10, 2017, subpoena by no later than **May 12, 2017**, if it has not already done so.

The Court **ORDERS** Defendants to send Dorothy Kittredge and Horizon Bank each a copy of this Order by first class certified mail, return receipt requested, by **May 1, 2017**. The Court also **ORDERS** Plaintiffs to send Horizon Bank a copy of this Order by first class certified mail, return receipt requested, by **May 1, 2017**.

Other than the limited subpoena responses ordered above, the Court **REAFFIRMS** its previous Order that all other discovery ends today.

SO ORDERED this 28th day of April, 2017.

                                         s/ John E. Martin
                                         MAGISTRATE JUDGE JOHN E. MARTIN
                                         UNITED STATES DISTRICT COURT

cc:     All counsel of record