UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY E. ELLO and EVELYN ELLO, | |
| Plaintiffs, | |
| v. | CAUSE NO.: 2:14-CV-299-TLS |
| GARY R. BRINTON and SEVEN PEAKS MARKETING CHICAGO, LLC, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Complaint alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1, ¶ 7). Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). As the parties seeking to invoke this Court's jurisdiction, the Plaintiffs bear the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 98 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiffs have sufficiently alleged that amount in controversy exceeds $75,000.00.

As for diversity of citizenship, the Plaintiffs allege that the Plaintiffs Anthony E. Ello and Evelyn Ello are citizens "residing in the state of Indiana" and that the individual Defendant Gary R. Brinton is a "citizen residing in the state of Utah." (ECF No. 1, ¶¶ 3–5). Citizenship of a natural

person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Thus, the Plaintiffs must allege the domicile of the Plaintiff Anthony E. Ello, the Plaintiff Evelyn Ello, and the Defendant Gary Brinton as of the date the Complaint was filed, August 25, 2014.

Likewise, the citizenship of the Defendant Seven Peaks Marketing Chicago, LLC, is not properly alleged, as the Complaint alleges that Seven Peaks Marketing Chicago, LLC is a "now expired limited liability company with its principal place of business located at 3214 North University Avenue, Suite 615, Provo, Utah 84604." *Id*. at ¶ 6. This allegation of citizenship is deficient because a limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the Plaintiffs must also plead the citizenship of those members as of the date the Complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Thus, the Plaintiffs must allege the citizenship of each member of Seven Peaks Marketing Chicago, LLC. The Court notes that, in his deposition, Defendant Brinton appears to confirm that the sole members of Seven Peaks Marketing Chicago, LLC are his wife

and himself. (ECF No. 135-1, Ex. C, p. 64). However, his testimony is not entirely clear, and there is no information about the citizenship of his wife on August 25, 2014.

Accordingly, the Court ORDERS the Plaintiffs to FILE, on or before, June 21, 2019, a supplemental jurisdictional statement identifying (1) the domicile of Anthony E. Ello on August 25, 2014, (2) the domicile of Evelyn Ello on August 25, 2014, (3) the domicile of Gary R. Brinton on August 25, 2014, and (4) the citizenship on August 25, 2014, of each of the members of Seven Peaks Marketing Chicago, LLC, and, if any of the members themselves have members, the citizenship of those members, and so on until the citizenship of all owners and members of members have been identified. If the Plaintiffs have already filed a supplemental jurisdictional statement on the docket, they may satisfy the requirements of this Order by citation to that filing.

SO ORDERED on June 7, 2019.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT