# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHONY E. ELLO and EVELYN ELLO, Plaintiffs, v. SEVEN PEAKS MARKETING CHICAGO, LLC, Defendant. ———————————————— SEVEN PEAKS MARKETING CHICAGO, LLC, Counter-Claimant, v. ANTHONY E. ELLO and EVELYN ELLO, Counter-Defendants. | CAUSE NO.: 2:14-CV-299-TLS |

## OPINION AND ORDER

This matter is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law, which was orally made on September 23, 2019. For the reasons stated below, this Motion is DENIED.

## BACKGROUND

This case involves a contractual dispute over a bowling alley. The Plaintiffs, Anthony E. Ello and Evelyn Ello, were the owners of the bowling alley. The Defendant, Seven Peaks Marketing Chicago, LLC, leased the bowling alley from the Plaintiffs and ran the bowling alley as a business. The Plaintiffs' theory of the case was that the Defendant breached the lease by vacating the bowling alley. The Defendant's theory of the case was that no valid contract was

formed, or, in the alternative, the Plaintiffs breached the lease by locking the Defendant out of the bowling alley.

At the end of Plaintiffs' case-in-chief, the Defendant moved for judgment as a matter of law. *See* Fed. R. Civ. P. 50(a). The Defendant argued as follows: (1) the Plaintiffs lack standing because they no longer own the bowling alley; (2) there was no valid contract because the Plaintiffs fraudulently induced the Defendant to enter into the contract; (3) there was no valid contract because the contract was not supported by consideration; (4) the Defendant did not breach any contract which may have existed; (5) the Plaintiffs suffered no damages; and (6) the Plaintiffs' damages, if any, were speculative. The Court ruled that it was "going to take under advisement the Defendant's Rule 50 Motion for Judgment as a Matter of Law and allow the case to go forward into the Defendant's case in chief."

The Defendant renewed its Motion at the end of its case-in-chief. The Court took the renewed Motion under advisement. Ultimately, the Jury found that (1) a contract existed between the parties and (2) the Defendant breached the contract. The Jury awarded damages in the amount of $454,250 in favor of the Plaintiffs.

**ANALYSIS**

In the renewed motion brought pursuant to Rule 50(b), the Defendant argues that it is entitled to judgment as a matter of law because (1) the Plaintiffs lack standing because they no longer own the bowling alley; (2) there was no valid contract because the Plaintiffs fraudulently induced the Defendant to enter into the contract; (3) there was no valid contract because the contract was not supported by consideration; (4) the Defendant did not breach any contract

which may have existed; (5) the Plaintiffs suffered no damages; and (6) the Plaintiffs' damages, if any, were speculative. The Court addresses these issues in turn.

A.  **The Jurisdictional Argument**

The Defendant argues that the Plaintiffs lack standing because they no longer own the bowling alley. More specifically, the Defendant argues that "after the Plaintiffs lost any property interest in the bowling alley, after they gave it back to Horizon Bank under the deed in lieu of foreclosure, they had no additional interest. They had no Article III standing. They are not harmed Plaintiffs." The Court disagrees.

"Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). "Article III limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting U.S. Const. art. III, § 2. cl. 1). "To have the requisite constitutional standing to bring suit in federal court, a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "If standing is lacking, the case must be dismissed for lack of subject-matter jurisdiction." *Chatman v. Weltman*, 325 F. Supp. 3d 875, 880 (N.D. Ill. 2018) (citing *Taylor*, 875 F.3d at 853).

In this case, the Plaintiffs allege that the Defendant vacated the property. The Plaintiffs also allege that the Defendant failed to pay the security bond which was required under the lease. Further, the Plaintiffs allege that they incurred professional fees as a result of the Defendant's breach. Based upon this, the Court concludes that the Plaintiffs have standing to sue and that this Court has subject matter jurisdiction. Furthermore, in ruling on the Defendant's Motion for

Summary Judgment in this case, the Honorable Rudy Lozano previously concluded that "the evidence that [the Defendant] did not secure the Bond and vacated the Bowling Alley prior to the expiration of the Lease, coupled with the Lease Agreement's remedy provisions, provide sufficient evidence of damages to satisfy the injury in fact requirement for standing." *Ello v. Brinton*, No. 2:14-CV-299, 2018 WL 1523209, *8 (N.D. Ind. Mar. 28, 2018); Op. & Order, ECF No. 147. The Court reaffirms that the Plaintiffs have standing and continues to concur with Judge Lozano's well reasoned opinion which has previously addressed this issue.

Trying to avoid this result, the Defendant cites *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–46 (7th Cir. 2009) (finding that the plaintiff did not have standing when it had assigned all of its rights under a debt to a third party); *Home Abstract and Title Co. v. Orr Enterprises, Inc.*, 2008 UT App 394, 2008 WL 4748197, at *1 (Utah Ct. App. Oct. 30, 2008) (finding that the plaintiff did not have standing to file an action to quiet title when it had no lawful interest in the property); and *Kelly v. Hard Money Funding, Inc.*, 87 P.3d 734, 740 (Utah Ct. App. 2004) (the plaintiff did not have standing to file an action to quiet title *after* a lawful foreclosure sale). However, the Defendant does not argue that the Plaintiffs sold or otherwise assigned their rights under the lease to a third party. Likewise, the Plaintiffs are suing for damages which arose from the breach of the lease; they are not suing to quiet title against the new owner of the bowling alley. Thus, the cases upon which the Defendant relies are distinguishable. Accordingly, the Defendant's jurisdictional argument fails.

**B.     The Defendant's Other Arguments**

The Defendant next argues that (1) there was no valid contract because the Plaintiffs fraudulently induced the Defendant to enter into the contract; (2) there was no valid contract

because the contract was not supported by consideration; (3) the Defendant did not breach any contract which may have existed; (4) the Plaintiffs suffered no damages; and (5) the Plaintiffs' damages, if any, were speculative. For the purposes of this Motion, the Court disagrees.

"Rule 50(a) of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 375 (7th Cir. 2011) (quoting Fed. R. Civ. P. 50(a)). "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.*

"In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012). The Court does not make credibility determinations, nor will it reweigh the evidence. *Schandelmeier-Bartels*, 634 F.3d at 375. The Court does not ask "whether the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000). The Court will overturn a jury's verdict only if no rational jury could have found for the prevailing party. *Tate v. Exec. Mgmt. Servs. Inc.*, 546 F.3d 528, 532 (7th Cir. 2008).

First, the Defendant argues that there is no contract based on fraudulent inducement. Under Utah law, to prevail on a claim of fraudulent inducement, a party must present clear and convincing evidence to establish that (1) a false representation concerning a material fact was made, (2) the representator either knew the representation was false or acted recklessly in making the representation, (3) the representation was made for the purpose of inducing the other party, and (4) the other party acted reasonably and relied upon the representation to his detriment. *Robinson v. Robinson*, 368 P.3d 105, 115 (Utah Ct. App. 2016). In this case, the parties entered into a commercial lease of a bowling alley. A rational jury could find that the Plaintiffs did not make a false representation regarding their ownership interests. *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah Ct. App. 2003) (fraudulent inducement requires a false statement). Alternatively, assuming that the Plaintiffs made a false statement, a rational jury could find that the Plaintiffs did not make that statement with the requisite mental state. *Id.* (fraudulent inducement requires a false statement which was made knowingly or recklessly). Further, due to the sophistication of the Defendant and its opportunity to examine the Plaintiffs' business, a rational jury could find that the Defendant's reliance, if any, was not reasonable. *Id.* (reasonable reliance is required for fraudulent inducement). Thus, a reasonable jury could find that there was no fraudulent inducement.

A reasonable jury could also find that there was a valid contract supported by consideration. Notwithstanding the balloon payment and the mortgage, the Plaintiffs owned a bowling alley which they leased to the Defendant in exchange for rent payments. *Res. Mgmt. Co. v. Weston Ranch and Livestock Co., Inc.*, 706 P.2d 1028, 1036 (Utah 1985) ("Consideration is an act or promise, bargained for and given in exchange for a promise."). Based upon this, a rational jury could find that there was consideration. *Id.*

Likewise, a reasonable jury could find that Defendant breached the contract. Fundamentally, this case was a contest of two narratives: either the Plaintiffs evicted the Defendant through self-help methods, or the Defendant vacated the property on its own accord. A reasonable jury could find that the Defendant vacated the property because the bowling alley was unprofitable. Furthermore, a reasonable jury could find that the Plaintiffs would not have evicted the Defendant because they relied upon Defendant's rent payments to pay the mortgage on the bowling alley. In fact, after the Defendant vacated the property, the bowling alley was subsequently foreclosed upon by the bank. Testimony at trial indicated that the bank would have renegotiated the mortgage in the normal course of business had the Defendant remained a tenant. Thus, this argument is without merit.

Finally, turning to damages, the Court concludes that a reasonable jury could find that the Plaintiffs suffered damages. *See Sawyers v. FMA Leasing Co.*, 722 P.2d 773, 774 (Utah 1986) ("The fact of damages must be proven with reasonable certainty and the amount by a reasonable though not necessarily precise estimate."). Evidence was introduced at trial indicating that the Defendant did not pay the required security bond. Further, the Plaintiffs incurred professional fees as a result of the Defendant's breach of the lease. Likewise, a reasonable jury could find that the Plaintiffs lost income and suffered other losses as a result of the Defendant's breach of contract. Accordingly, when viewed in the light most favorable to the prevailing party, the Plaintiffs suffered actual damages that are not speculative in nature.

## CONCLUSION

Based on the reasons above, the Court DENIES the Defendant's Renewed Motion for Judgment as a Matter of Law. The Clerk is ORDERED to now enter Judgment on the Verdict of the Jury.

SO ORDERED on October 16, 2019.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT