# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHONY E. ELLO and EVELYN ELLO, <br><br> Plaintiffs, <br><br> v. <br><br> GARY R. BRINTON and SEVEN PEAKS MARKETING CHICAGO, LLC, <br><br> Defendants. | CAUSE NO.: 2:14-CV-299-TLS |

## OPINION AND ORDER

This matter is before the Court on Defendant Gary R. Brinton's Bill of Costs [ECF No. 245] and a duplicate Bill of Costs [ECF No. 246], filed pursuant to Federal Rule of Civil Procedure 54(d) on October 30, 2019. For the reasons stated below, the Defendant's request is DENIED.

## BACKGROUND

On May 27, 2015, the Plaintiffs filed an Amended Complaint [ECF No. 24] against Gary R. Brinton and Seven Peaks Marketing Chicago, LLC. The case involved a contractual dispute over the lease of a bowling alley. Am. Compl. ¶ 1. Generally speaking, the Plaintiffs leased a bowling alley to Seven Peaks, and Gary Brinton was the managing member of Seven Peaks. *See id.* ¶¶ 27, 47. Within their Amended Complaint, the Plaintiffs asserted that Seven Peaks breached the lease agreement (Count I); Brinton was personally liable for the breach because Seven Peaks did not comply with corporate formalities (Count II); and Seven Peaks and Gary Brinton committed fraud (Count III). On November 24, 2015, Seven Peaks filed an Answer in which it asserted counterclaims for (I) breach of contract; (II) breach of implied covenant of good faith and fair dealing; and (III) unjust enrichment. Answer ¶¶ 60–102, ECF No. 46.

On June 10, 2015, the Defendants filed a Partial Motion to Dismiss Amended Complaint [ECF No. 26]. On November 10, 2015, the Court denied the Defendants' Partial Motion to Dismiss. *See* Op. & Order, ECF No. 42.

On August 14, 2017, Brinton filed a Motion for Summary Judgment [ECF No. 126] and Seven Peaks filed a Motion for Summary Judgment [ECF No. 128]. On August 17, 2017, Brinton filed an Amended Motion for Summary Judgment [ECF No. 131]. On March 28, 2018, the Honorable Rudy Lozano granted Brinton's Motions for Summary Judgment. Op. & Order p. 27, ECF No. 147. Seven Peaks' Motion for Summary Judgment was granted in part and denied in part. *Id.* Based upon this ruling, Gary Brinton was dismissed from the case, and Counts II and III of the Amended Complaint were dismissed. *Id.* Count I of the Amended Complaint (breach of contract) remained pending against Seven Peaks. *Id.*

In September 2019, the case proceeded to a jury trial on Plaintiffs' breach of contract claim and Seven Peaks' counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. Ultimately, the jury found in favor of the Plaintiffs and awarded damages in the amount of $454,250.00. *See* Special Interrogatory and Jury Verdict, p. 2, ECF No. 237. On October 30, 2019, Brinton filed the instant Bill of Costs.

**ANALYSIS**

Brinton argues that he prevailed at summary judgment and is therefore entitled to costs pursuant Federal Rule of Civil Procedure 54(d). The Court, in an exercise of discretion, declines this request.

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing recoverable

costs). "Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006) (citing Fed. R. Civ. P. 54(d)(1)). "For the purposes of Rule 54, a party is deemed 'prevailing' if it prevails as to a substantial part of the litigation." *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (quoting *Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996)); *see also First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) ("As used in Rule 54(d), 'prevailing party' means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims."). "In a case with mixed results, the district court has the discretion to determine whether a party meets that standard." *Baker*, 856 F.3d at 502. Furthermore, in a case with mixed results, the district court retains especially broad discretion to award or deny costs. *Id.*; *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999).

In this case, Brinton was successful at summary judgment. However, the Plaintiffs' claim for breach of contract against Seven Peaks survived summary judgment and proceeded to trial. At trial, the jury awarded the Plaintiffs almost half a million dollars on their breach of contract claim. *See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) ("Slane got $225,000 from the jury. By any definition, he won the battle. The court's conclusion that Slane prevailed was more than reasonable.").

Based upon this, the Court finds that this is a case with mixed results. *See Thorncreek Apartments I, LLC v. Vill. of Park Forest*, 123 F. Supp. 3d 1012, 1014–15 (N.D. Ill. 2015) (case resulted in a "mixed result" when the plaintiff only prevailed against two out of eleven defendants). In an exercise of discretion, the Court orders that each party is to bear its own court costs. *Baker*, 856 F.3d at 502; *see Testa*, 89 F.3d at 447 ("District courts enjoy wide discretion in

determining and awarding reasonable costs. Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within that discretion." (internal citations omitted)); *Thorncreek Apartments I*, 123 F. Supp. 3d at 1015 ("Where a plaintiff prevails against some defendants but loses against others, one option is to tax the plaintiff's costs to the losing defendants and the winning defendants' costs to the plaintiff. A simpler option is for the parties to bear their own respective costs . . . ." (citation omitted)).

## CONCLUSION

For the reasons stated above, Defendant Gary R. Brinton's Bill of Costs [ECF No. 245] and the duplicate Bill of Costs [ECF No. 246] are DENIED.

SO ORDERED on December 20, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT